# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE UNITED STATES GOVERNMENT for the use and benefit of RUSSELL SIGLER, INC., a New Mexico corporation, d.b.a. Sigler,<br><br>            Plaintiff,<br><br>vs.<br><br>ASSOCIATED MECHANICAL, INC., a Nevada corporation; AMERIND BUILDERS, LLC, an Arizona corporation; E.C. SCARBOROUGH, an individual surety,<br><br>            Defendants. | Case No.: 2:09-cv-01238-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#46) |

Before the Court is Plaintiff Russell Sigler, Inc.'s **Motion for Reconsideration** (#46, filed Dec. 16, 2010). The Court has also considered Defendants Amerind Builders, LLC and E.C. Scarborough's Opposition (#47, filed Jan. 3, 2011), and Sigler's Reply (#48, filed Jan. 5, 2011)

This dispute arises out of Sigler's allegations that Defendants failed to pay Sigler for services that it performed on a construction project at Creech Air Force Base in Indian Springs, Nevada. The Court directs the reader to its previous order (#45) for the procedural and factual

1

1  background of this case. On December 8, 2010, the Court granted Defendants' motion for
2  summary judgment as to Sigler's payment bond claim (Dkt. #45, Order). Sigler subsequently filed
3  a motion for reconsideration of this Order. For the reasons discussed below, the Court denies
4  Sigler's motion.
5        A motion for reconsideration must set forth the following: (1) some valid reason
6  why the court should revisit its prior order, and (2) facts or law of a "strongly convincing nature"
7  in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183
8  (D. Nev. 2003). Reconsideration may be appropriate if the district court: (1) is presented with
9  newly discovered evidence, (2) has committed clear error or the initial decision was manifestly
10 unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d
11 805, 807–08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting
12 reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th
13 Cir. 1993). On the other hand, motions for reconsideration are not "the proper vehicles for
14 rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex.
15 1994) (footnotes omitted).
16       Sigler's motion seeks clarification of the Court's December 8 Order, which granted
17 summary judgment against Sigler's payment bond claim. Sigler argues that the Order is
18 ambiguous with regard to whether the Court disposed of the payment bond claim in its entirety or
19 only as it pertains to E.C. Scarborough. The Court clarifies that it disposed of the payment bond
20 claim in its entirety. As stated in the Order, the Bond and its integrated Certificate of Pledged
21 Assets unambiguously state that the Bond was to be terminated no later than November 16, 2008.
22 Therefore, because Sigler performed its services on the construction project in December 2008,
23 after the bond expired, the Bond does not cover Sigler's performance. Sigler presents nothing new
24 in this motion—other than its own interpretation of the Bond—that changes the Court's analysis.
25 Therefore, the Court disposes of Sigler's payment bond claim (its second cause of action) in its
26 entirety. Accordingly, the Court denies Sigler's motion for reconsideration.

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Sigler's Motion for Reconsideration (#46) is DENIED.

Dated: May 2, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**